# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MELVIN LEROY TYLER, et al., | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | No. 4:08CV116 MLM |
| | ) | |
| LARRY CRAWFORD, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioners' petition for writ of habeas corpus under 28 U.S.C. § 2254. The petition will be summarily denied.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Petitioners have filed a joint petition for writ of habeas corpus in which they claim that they have been denied access to the courts since their imprisonment began several decades ago. In their document titled "Petition Leave to File for Writ of Habeas Corpus Exclusively Procedural Reasons," petitioners contend that they are *not* "attacking the constitutionality of their judgment[s] and sentences in Missouri."

Habeas relief is only available to prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c); 28 U.S.C. § 2254(a). As a result, petitioners are not entitled to habeas relief.

Additionally, Tyler has brought several petitions for writ of habeas corpus that have been denied by this Court and the United States Court of Appeals for the Eighth Circuit. E.g., Tyler v. Purkett, 26 F.3d 127 (8th Cir. 1994). As a result, Tyler may not bring a § 2254 petition without leave from the Eighth Circuit. 28 U.S.C. § 2244(b)(3).

Likewise, Bromwell is also barred from filing a petition for writ of habeas in this Court without leave from the Eighth Circuit because he also previously sought habeas relief in this Court. Bromwell v. Dormire, 4:97CV747 CEJ (E.D. Mo. 1998), application for certificate of appealability denied, Slip Op. 98-2513 (8th Cir. 1998) (unpublished opinion).

Finally, Duong is not eligible for § 2254 relief because the statute of limitations ran no later than January 15, 1998, which is one year after the Missouri Court of Appeals issued its mandate affirming the dismissal of Duong's post-conviction relief motion. State v. Duong, 935 S.W.2d 87 (Mo. Ct. App. 1996) (date mandate sent available on Missouri Case.net: https://www.courts.mo.gov/casenet/base/welcome.do).

For these reasons, petitioners are not entitled to habeas relief. As a result, the petition will be denied. Additionally, the Court will not issue a certificate of appealability because petitioners have not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that petitioners' petition for writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that petitioners' motions to proceed in forma pauperis are **GRANTED**.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** as moot.

Dated this 4th day of March, 2008.

_____
UNITED STATES DISTRICT JUDGE